# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2103** |
| **BURL CAIN, WARDEN** | **SECTION "B" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the petition be **DENIED WITH PREJUDICE.**

## I. PROCEDURAL HISTORY

On July 14, 2006, petitioner, Arthur Thomas, presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged via bill of information with possession

of cocaine. (St. rec., vol. 1). On November 14, 2006, petitioner entered a plea of not guilty. (St. rec., vol. 1). On January 29, 2008, following a trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, petitioner was found guilty as charged. (St. rec., vol. 1). On February 19, 2008, the trial court sentenced petitioner to imprisonment at hard labor for a term of five years with credit for time served. (St. rec., vol. 1).

On January 27, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Thomas*, 8 So.3d 80 (La. App. 5 Cir. 2009).[1] On November 25, 2009, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Thomas*, 22 So.3d 170 (La. 2009).

Following the conclusion of his direct appeal proceedings, petitioner sought post-conviction relief. His efforts in this regard culminated on June 24, 2011, when the Louisiana Supreme Court denied his writ application. *State ex rel. Thomas v. State*, 64 So.3d 208 (La. 2011).

On August 8, 2011, petitioner filed the instant petition for writ of habeas corpus raising the following claims: 1) The trial court erred in designating Daniel Waguespack as an expert witness; 2) counsel was ineffective in stipulating to Waguespack's expertise and

---

[1] The state appellate court remanded the matter with the limited directive that the district court take appropriate measures to insure that its minute entry, reflecting that the jury was polled after rendering its verdict, be revised to conform with the trial transcript showing that the jury was not polled.

in failing to hire a defense expert witness; 3) the trial court erred in failing to grant the defense's motion to suppress evidence; and, 4) trial court erred in denying his motion for a mistrial based upon a police officer's testimony which implied that petitioner was selling drugs and not merely in possession of one rock of crack cocaine.

The State submits that the instant action is timely, but contends that petitioner has failed to exhaust one of his claims. (Fed. rec., doc. 11, State's Response, pp. 4 and 6). Based upon its review of the record, the court finds that the instant action is indeed timely and that petitioner has, in fact, exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Accordingly, this court shall review the pertinent facts and standard of review, then proceed to an analysis of petitioner's claims.

## II. **FACTS**[2]

Sergeant Curtis Matthews, a narcotics officer with the Jefferson Parish Sheriff's Office, testified that he participated in the investigation leading to the arrest of defendant, Arthur Thomas, for possession of cocaine. Sergeant Matthews stated that at 7:00 p.m. on June 26, 2006, he began surveillance of the residence at 605 North Lester Street in Metairie. Detectives Edward Greer and Eric Dufrene worked with him. Detective Greer functioned as Sergeant Matthews' "cover" officer during the operation. Each officer was in his own unmarked vehicle, and they positioned themselves in different locations near the targeted residence.

---

[2]The facts are taken from the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Thomas*, 8 So.3d 80 (La. App. 5 Cir. 2009).

Detective Greer testified that the officers were watching the residence because a white woman living there was alleged to be involved in illegal activity. According to Sergeant Matthews, the officers had also received information that a black man was expected to arrive on a bicycle and "distribute narcotics from the residence."

Sergeant Matthews testified that Detective Greer, who could see the residence from his position, alerted him by police radio that a subject was approaching the house. Sergeant Matthews drove toward the house, and he saw petitioner approach on a bicycle. Sergeant Matthews exited his car, approached petitioner on foot and identified himself as a police officer. He explained to petitioner that he was conducting a narcotics investigation, and he advised petitioner of his rights.

Sergeant Matthews instructed petitioner to place his hands on the police vehicle, and asked him if he had any illegal narcotics on his person. Petitioner looked toward the ground and sighed. Based on this response, Sergeant Matthews asked petitioner if he had any drugs. Petitioner said he had crack. When the officer asked him where the crack was, petitioner said it was in his pocket. Sergeant Matthews testified that he immediately checked petitioner's pockets, and recovered one off-white, rock-like object, later identified as crack cocaine. The officer completed a pat-down search of petitioner, but did not recover any additional contraband.

### III. **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. §2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions

4

of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams [v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable

5

determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

IV. **ANALYSIS**

### Claims 1): Trial Court Erred in Allowing Daniel Waguespack to be Qualified as an Expert Witness

Petitioner argues that the trial court erred in accepting defense counsel's stipulation that Daniel Waguespack was an expert in the field of forensic chemistry.

The State argues that petitioner's claim is procedurally barred. In connection with petitioner's post-conviction application, the state district court denied petitioner's claim on procedural grounds, specifically, La.C.Cr.P. art. 930.4(B) and (C), due to petitioner's failure to raise his claim at trial or on appeal. The state district court provided:

> This claim is procedurally barred from review. If the application raises a claim the petitioner knew about, but inexcusably failed to raise prior to conviction, the court may deny relief. LSA-C.Cr.P. art. 930.4(B). Additionally, if the application alleges a claim that was raised at trial, but was inexcusably not pursued on appeal, the court may deny relief. LSA-C.Cr.P. art. 930.4(C). The petitioner's claim is barred because it could have been, but was not, raised at trial or on appeal. Under La.C.Cr.P. art. 930.4, such claims should be denied.

*State v. Thomas*, No. 2006-3650 (24th JDC Feb. 19, 2010) (unpublished opinion).[3]

---

[3] A copy of the state district court's complete unpublished opinion is attached to petitioner's habeas application. The copy of the court's opinion contained in the St. rec., vol. 1, is missing the second page of the opinion.

Thereafter, the Louisiana Fifth Circuit likewise denied the instant claim as procedurally barred under La.C.Cr.P. arts. 930.4(B) and (C), providing:

> The district court was correct in denying relator's claim involving qualification of the expert as procedurally barred from review because it was neither raised at trial nor on appeal. LSA-C.Cr.P. art. 930.4(B) and (C).

*Thomas v. Cain*, No. 2010-KH-0247 (La. App. 5 Cir. May 18, 2010) (unpublished opinion).[4]

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is

---

[4] A copy of the state appellate court's unpublished opinion is contained in the St. rec., vol.1.

presumed that the court relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902. A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id*.

In the instant situation, the Louisiana Fifth Circuit Court of Appeal issued the last reasoned decision, denying petitioner's claim, that the trial court erred with respect to the qualification of an expert, based on the procedural ground that petitioner failed to raise his claim either at trial or on appeal, citing La.C.Cr.P. art. 930.4(B) and (C) in support of its finding. *Thomas*, No. 10-KH-0247, p. 1.

It is well-established that La.C.Cr.P. art. 930.4(B) and (C) are independent and adequate state court remedies sufficient to procedurally bar claims for federal habeas review. *See Simmons v. Cain*, 2008 WL 2185422, *5-8 (E.D. La. 2008) (Berrigan, J.); *Rose v. Prince*, 2009 WL 2922801, *4 (E.D. La. 2009) (Vance, J.). A federal habeas petitioner, however, may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the

defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, petitioner provides no basis to support a finding that he had good cause for failing to raise the instant claim at trial or on direct appeal. "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue*, 131 F.3d 466, 497 (5th Cir.1997) (citing *Engle*, 456 U.S. at 134 n. 43). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir.1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir.1977)).

The instant claim is therefore procedurally barred from review by this federal habeas corpus court absent a showing that a fundamental miscarriage of justice will occur if the

merits of the claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to his guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tx.1997) (footnote omitted); *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Petitioner does not present and the record does not contain evidence that suggests his actual innocence. Accordingly, petitioner has failed to overcome the procedural bar to his claim that the trial court erred in approving the stipulation as to the crime technicians' expertise without requiring them to come to court and prove their expertise.

**Claim 2) Ineffective Assistance of Counsel**

Petitioner argues that trial counsel was ineffective in stipulating to the expertise of Daniel Waguespack and in failing to hire an expert defense witness. In addressing petitioner's ineffectiveness claim, the state district court first set forth applicable federal law, along with corresponding state law.

> It is clear that the petitioner has a Sixth Amendment right to effective legal counsel. Under the well-known standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Washington*, 491 So.2d 1337 (La. 1986), a conviction must be reversed if the defendant proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Legrand*, 2002-1462 (La. 12/3/03), 864 So.2d 89.
>
> To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It is absolutely essential that both prongs of the *Strickland* test must be established before relief will be granted by a reviewing court.
>
> Furthermore, there is a strong presumption that counsel's performance is within the wide range of effective representation. Effective counsel, however, does not mean errorless counsel and the reviewing court does not judge counsel's performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. *State v. Soler*, 93-1042 (La. App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.

*Thomas*, No. 2006-3650, p. 1.

Thereafter, the state district court proceeded to apply the above law to petitioner's specific claim.

> [T]he petitioner claims that his attorney was ineffective by stipulating [to] the qualifications of Daniel Waguespack, and the crime lab report he prepared. Waguespack is the expert witness who analyzed and identified the evidence as cocaine, and who prepared the crime lab report in conjunction with this analysis. Petitioner also argues that counsel was ineffective for not hiring an independent expert.
> 
> However, petitioner does not present any evidence supporting his claim. He does not present any evidence to show error in Waguespack's analysis of the evidence, and the crime lab report. He does not present any evidence that the outcome would have been any different if an independent expert would have tested the substance. Petitioner's argument is merely speculative. The court finds as a matter of law that the petitioner has failed to meet his burden of proof or to prove a violation of the *Strickland* standard. He has not established that either prong of the *Strickland* standard has been violated.

*Id.* at p. 2.

The Louisiana Fifth Circuit Court of Appeal likewise found petitioner's ineffectiveness claim to be without merit.

> As to his claim of ineffective assistance of counsel, relator claims that counsel erred by stipulating that the State's witness was an expert. However, an attorney's decision to stipulate to an expert's qualifications as opposed to requiring the trial court to hold a *Daubert* hearing has been found to be within the realm of trial strategy. Against this backdrop, relator has not demonstrated that the claimed errors rendered his trial globally unfair or the verdict generally suspect. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

*Thomas*, No. 10-KH-0247, pp. 1-2 (citations omitted).

This court finds that the above analysis does not represent an unreasonable application of *Strickland* to the facts of this case. Thus, the instant claim for habeas corpus relief is without merit.

**Claim 3): Trial Court Erred in Failing to Grant Motion to Suppress**

Petitioner argues that the officers did not have reasonable suspicion to stop him and did not have probable cause to arrest him; therefore, the warrantless seizure of cocaine from his pocket was illegal and his motion to suppress should have been granted.

Petitioner's ability to obtain federal habeas corpus relief with regard to an alleged Fourth Amendment violation is greatly limited by the United States Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In *Stone*, 428 U.S. at 494, the United States Supreme Court held that a state prisoner is not entitled to federal habeas relief on the ground that evidence obtained in an unconstitutional manner was introduced at trial as long as the State provided "an opportunity for full and fair litigation" of his Fourth Amendment claim. *See also Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986). In this case, not only did the trial court conduct a hearing on petitioner's motion to suppress, the issue was reviewed on direct appeal. The Louisiana Fifth Circuit Court of Appeal extensively reviewed the issue, *Thomas*, 8 So.3d at 82-85, and the Louisiana Supreme Court denied petitioner's writ application. *Thomas*, 22 So.3d, 170. Accordingly, the court finds that the state did provide petitioner with "an opportunity for full and fair litigation of

his Fourth Amendment claim. Accordingly, the instant claim for habeas corpus relief is not viable.

**Claim 4) Trial Court Erred in Denying Motion for Mistrial**

Petitioner argues that his constitutional rights were violated when the trial court failed to declare a mistrial because Officer Curtis Matthews, in his trial testimony, inferred that petitioner was dealing drugs when, in actuality, petitioner had only one rock of crack cocaine in his possession.

In addressing the instant issue on direct appeal, the Louisiana Fifth Circuit reviewed the testimony at issue.

> Q. And would you give us a sequence of events once you pulled up in your unit to the house and got out?
>
> A. As I arrived at the location, I observed the Defendant on one portion of the side of the house. I believe it was the north side of the house. He was in the driveway area. As I approached him, I identified myself. I was in plain clothes; more likely, a pair of jeans and a regular shirt. I revealed my badge to him, advised him who I was and asked him to come to the street area with me so I could speak with him. Once we got towards the street area, I explained to him that we had a narcotics investigation where a black male on a bicycle was going to arrive and distribute narcotics from the residence.

*Thomas,* 8 So.3d at 85.

Following the above exchange, defense counsel objected and moved for a mistrial. The court declined to grant counsel's motion, but, as the state appellate court explained,

14

provided an admonishment to jurors.

> The judge ... instructed the jury to disregard Sergeant Matthews' testimony about the information he received that a black man was going to arrive on a bicycle to distribute narcotics. The judge ordered that the comment be stricken from the record. He stressed that defendant was charged with simple possession of cocaine, and that that was the only charge before the jury.

*Id*. at 86.

It is well established that federal habeas review is limited to questions of constitutional dimension. *See generally Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d 675 (1993); *Castillo v. Johnson*, 141 F.3d 218, 222 and 224 (5th Cir.), *cert. denied*, 524 U.S. 979, 119 S.Ct. 28, 141 L.Ed.2d 788 (1998). In reviewing a state court evidentiary determination, such as the trial court's determination that a mistrial was not warranted by virtue of Officer Matthews' insinuation that petitioner was distributing narcotics, the federal habeas court's role "'is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness.'" *Andrade v. McCotter* 805 F.2d 1190, 1193 (5th Cir. 1986), *quoting Mattheson v. King,* 751 F.2d 1432, 1445 (5th Cir.1985). "[T]he erroneous admission of prejudicial testimony justifies habeas corpus relief only when it is "material in the sense of [being a] crucial, critical, highly significant factor." *Id.* (quotations omitted).

In the instant matter, the court's alleged error in failing to grant a mistrial did not constitute a denial of fundamental fairness, especially in light of the fact that the trial court admonished the jury to ignore Officer Matthews' reference to the fact that he was on the look

out for a black man distributing narcotics. Accordingly, the instant claim for habeas corpus relief is without merit.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Arthur Thomas, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[5]

New Orleans, Louisiana, this __21st__ day of ___November___, 2011.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

16