UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR THOMAS                                CIVIL ACTION

VERSUS                                       NO. 11-02103

N. BURL CAIN                                 SECTION: "B"(6)


ORDER AND REASONS

Petitioner Arthur Thomas objects (Rec. Doc. 15) to Magistrate Judge Louis Moore's Report and Recommendation recommending dismissal with prejudice of Petitioner's habeas corpus petition under 28 U.S.C. § 2254. For the reasons below,

**IT IS ORDERED** that the findings of the Magistrate Judge are **AFFIRMED** and Petitioner's habeas corpus petition is **DISMISSED WITH PREJUDICE** with respect to his first claim regarding certification of the forensic chemist, and **DISMISSED WITHOUT PREJUDICE** with respect to his second, third, and fourth claims, relating to certification of the latent print experts, ineffective counsel claims regarding stipulation of latter experts or defense experts, and denial of new trial based on a state witness' testimony. The latter three claims are procedurally barred and were not otherwise fully exhausted at the state court level prior to presentment here.

## I. PROCEDURAL HISTORY[1]

On July 14, 2006, Petitioner, presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged via bill of information with possession of cocaine. (Rec. Doc. 14 at 1-2) (citing St. rec., vol. 1).  On November 14, 2006, Petitioner entered a plea of not guilty and following a trial by jury, Petitioner was found guilty as charged.  *Id.* at 2 (citing St. rec., vol. 1).  On February 19, 2008, the trial court sentenced Petitioner to imprisonment at hard labor for five years with credit for time served.  *Id.* (citing St. rec., vol. 1).

On January 27, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.  *State v. Thomas*, 8 So.3d 80 (La. App. 5 Cir. 2009).  On November 25, 2009, the Louisiana Supreme Court denied Petitioner's writ application, making his conviction and sentence final.  (Rec. Doc. 14 at 2) (citing *State v. Thomas*, 22 So.3d 170 (La. 2009)).  Following his direct appeals, Petitioner sought post-conviction relief in Louisiana state courts which culminated in the Louisiana Supreme Court denying his writ application.  (Rec. Doc. 14 at 2) (citing *State ex rel. Thomas v. State*, 64 So.3d 208 (La. 2011).

On August 8, 2011, Petitioner filed the instant writ of habeas corpus raising the following claims: (1) the trial court

---

[1] Adopted from Judge Louis Moore's Report and Recommendation (Rec. Doc. 14).

erred in designating Daniel Waguespack as an expert witness; (2) counsel was ineffective in stipulating to Waguespack's expertise and in failing to hire a defense expert witness; (3) the trial court erred in failing to grant the defense's motion to suppress evidence; and (4) the trial court erred in denying Petitioner's motion for a mistrial based upon a police officer's testimony which implied that Petitioner was selling drugs and not merely in possession of one rock of crack cocaine. (Rec. Doc. 14 at 2-3). As the Magistrate found, this Court finds that the action is timely and that Petitioner has exhausted all of his state court remedies.

## II. Facts[2]

Sergeant Curtis Matthews, a narcotics officer with the Jefferson Parish Sherriff's Office, testified that he participated in the investigation leading to the arrest of defendant, Arthur Thomas, for possession of cocaine. (Rec. Doc. 14 at 3). Sergeant Matthews stated that at 7:00 p.m. on June 26, 2006, he began surveillance of the residence at 605 North Lester Street in Metairie. Detectives Edward Greer and Eric Dufrene worked with Sergeant Matthews and each officer was in his own unmarked vehicle, and positioned in different locations near the targeted residence. (Rec. Doc. 14 at 3). Detective Greer

---

[2] The facts are adopted from the opinion of the Louisiana Fifth Circuit Court of Appeal's opinion, as recited by the Magistrate Judge(Rec. Doc. 14 at 3).

3

testified that the officers were watching the residence because a white woman living there was alleged to be involved in illegal activity. (Rec. Doc. 14 at 4). According to Sergeant Matthews, the officers had also received information that a black man was expected to arrive on a bicycle and "distribute narcotics from the residence." *Id.*

Sergeant Matthews testified that Detective Greer, who could see the residence from his location, alerted him by police radio that a black male subject was approaching the house on a bicycle. *Id.* Sergeant Matthews drove toward the house and saw Petitioner approaching on a bicycle. *Id.* Sergeant Matthews exited his car, approached Petitioner on foot, and identified himself as a police officer. *Id.* He explained to Petitioner that he was conducting a narcotics investigation, and he advised Petitioner of his rights. *Id.*

Sergeant Matthews instructed Petitioner to place his hands on the police vehicle, and asked him if he had any illegal narcotics on his person. *Id.* Petitioner looked toward the ground and sighed. *Id.* Based on his response, Sergeant Matthews asked Petitioner if he had any drugs and Petitioner said he had crack. *Id.* When the officer asked him where the crack was located, Petitioner said it was in his pocket. *Id.* Sergeant Matthews testified that he immediately checked Petitioner's pocket and recovered one off-white, rock-like object, later

4

identified as crack cocaine. *Id.* The officer completed a pat-down search of Petitioner, but did not recover any additional contraband. *Id.*

### III. CONTENTIONS OF PETITIONER

Petitioner's objections to the Report and Recommendation asserted four claims for relief from this Court: (1) that the state trial court erred in certifying Daniel Waguespack as an expert in forensic chemistry; (2) that the trial court erred in certifying Stierwald and Aisha Simon as latent print experts without requiring them to testify as to their qualifications; (3) that Petitioner received ineffective assistance of counsel by defense counsel stipulating to Stierwald's and Simon's expertise and for not calling an independent expert witness; and (4) that the state trial court erred in denying Petitioner's motion for a new trial based on the testimony from one of the State's witnesses. (Rec. Doc. 15 at 1-7). Petitioner contends that he is entitled to a review on the merits of all of the claims asserted. *Id.* at 8.

### CONTENTIONS OF RESPONDENT

Respondent, Burl Cain, did not file a response to Petitioner's objections.

5

**LAW AND ANALYSIS**

**A. Standard of Review**

Petitioner filed his original petition for habeas corpus relief on August 29, 2011, under 28 U.S.C. § 2254 as a prisoner in state custody.  (Rec. Doc. 1-1 at 1).  This petition is governed by § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Under § 2254(d)(1), a state court's determination of mixed questions of law and fact are given deference unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1) (2012).  A federal court may issue a writ under the "contrary to" clause if "the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than the [Supreme Court has] done on materially indistinguishable facts."  *Bell v. Cone*, 523 U.S. 685 (2002).  "A federal court may grant a writ under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case."  *Id.* at 694.  "The focus of the latter inquiry

is whether the state court's application of clearly established federal law is objectively unreasonable. . . ." *Id*.

Under § 2254(d)(2), a federal court will give deference to a state court's determination of a question of fact unless it was "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court may not grant a writ of habeas corpus merely because it independently decides that a state court incorrectly applied Supreme Court precedent. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). Petitioner carries the burden of proving that the state court applied the facts to Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641 (2003); *Neal*, 286 F.3d at 246.

**B. Petitioner's Objection is Untimely**

The first issue that must be resolved is whether Petitioner submitted his objections to the Magistrate Judge's Report and Recommendation in a timely manner. In his Report and Recommendation, the Magistrate Judge required written objections to be filed within fourteen days of service. (Rec. Doc. 14 at 16). Because Petitioner was served on November 21, 2011, his objection was due on December 5, 2011. *See* (Rec. Doc. 14 at 16). Petitioner filed his objection on December 8, 2011, as

established by the postmark on his mailing envelope.  (Rec. Doc. 15 at 9).

Under the "prison mailbox rule," an inmate's pleading is deemed to have been filed on the day it was handed over to prison authorities for mailing.  *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). If the application is received the day after the expiration date, there is a rebuttable presumption that the petition was filed timely.  *Mead v. Cain*, 243 F. Appx. 874, 874 n. ** (5th Cir. 2007).  In a case where the presumption is not applicable, the timeliness is determined by the postmark on the envelope by the United States Postal Service.  *Id.*

In this present case, applying the prison mailbox rule as stated in *Mead*, Petitioner's objections are untimely.  *Id.*; (Rec. Doc. 15 at 9).  Petitioner's objections to the Magistrate Judge's Report and Recommendation were to be filed on December 5, 2011 and Petitioner's objections were not postmarked until December 8, 2011, three days after the due date.  (Rec. Doc. 14 at 16); (Rec. Doc. 15 at 9).  Petitioner has not presented any evidence that he deposited the objection with the prison authorities earlier than December 8, 2011. For the purposes of his objection, this court must use December 8, 2011 as the filing date, which makes Petitioner's objection untimely in violation of the Magistrate

Judge's orders.  *See Mead*, 243 F. Appx. at 874 n. **; (Rec. Doc. 15 at 9).

**C. The Magistrate Judge Was Correct in Finding that Petitioner's Claim that the Trial Court Erred in Certifying Waguespack as an Expert Witness is Procedurally Barred**

Even if this court considers Petitioner's untimely objection, the claims asserted are still without merit. Petitioner contends that the Magistrate Judge erred in finding that he was procedurally barred from pursuing the claim that the trial court erred in certifying Waguespack to be an expert in the field of forensic chemistry.  (Rec. Doc. 15 at 1-2).  Petitioner contends that his claim should not be procedurally barred because Respondent never filed a response to the Magistrate Judge's Report and Recommendation.[3]

Applying the state court's finding, the Magistrate Judge was correct in finding that this claim was procedurally barred. (Rec. Doc. 14 at 6).  The Louisiana Code of Criminal Procedure provides that a petitioner may not pursue a claim if he failed to raise the claim at trial or failed to pursue the claim on appeal.

---

[3] Petitioner relies on Rule 5 of the Rules in Section 2254 cases and argues that the response to Petitioner's objections must address the allegations in the petition.  28 U.S.C. foll. § 2254(5).  However, Petitioner ignores subsection (a) of the Rule which states that "[t]he respondent is not required to answer the petition unless a judge so orders."  *Id.*  Judge Moore did not require Respondent to file a response to Petitioner's objections, therefore this claim is without merit.  *See* (Rec. Doc. 14 at 16).

LA.C.CR.P. art. 930.4(B)-(C) (2012).   Both the state trial and appellate courts and the Louisiana Fifth Circuit Court of Appeal reasoned that Petitioner was procedurally barred because the instant issue was not raised at trial or on appeal. (Rec. Doc. 14 at 6-7).

Generally, a federal court will defer to the decision of a state court if the decision of the state court rests on grounds that are independent of the federal claim and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). A procedural restriction is considered to be independent of a federal claim if "the state court's judgment 'clearly and expressly' indicates that it is independent of federal law and rests solely on a state procedural bar." *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A claim is considered to be adequate if it is "strictly or regularly followed and evenhandedly applied to claims 'identical or similar' to the petitioner's claim." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

Deferring to the Louisiana Fifth Circuit as the last reasoned opinion, the magistrate judge found that Louisiana Code of Criminal Procedure article 930.4(B) is an independent and adequate state remedy that is able to bar federal review of habeas corpus petitions. (Rec. Doc. 14 at 8). Further, article 930.4(B) has been applied by federal courts in Louisiana as an

10

adequate state remedy to bar federal habeas review. *Simmons v. Cain*, No. 06-CV-2130, 2008 U.S. Dist. LEXIS 118308, at *11-16 (E.D.La. May 20, 2008) (holding that a petitioner was barred under La.C.Cr.P. 930.4(B)-(C) from asserting claims in federal court that were not exhausted through state proceedings).

Although Petitioner's claims are procedurally barred under the independent and adequate doctrine, Petitioner may be granted relief if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (quoting *Coleman*, 501 U.S. at 750-51.). A prisoner petitioning for habeas corpus relief can show cause by proving that an external impediment to the defense caused him not to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Id.* A failure to show cause for the default is fatal to the cause and prejudice exception. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997).

A showing of a fundamental miscarriage of justice would require an assertion of actual innocence. *Glover*, 128 F.3d at 904 (citing *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir. 1995)). To prove actual innocence, Petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to his guilt. *Nobles v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997) (showing of actual innocence requires "clear and convincing evidence that 'but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'"); *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997).

In the present case, Petitioner does not meet the burden of showing cause or prejudice for his failure to raise the objection to Waguespack's expertise.  In his objection and his petition for habeas corpus, Petitioner simply asserts that the trial court erred in its decision to certify Waguepack as an expert.  *See* (Rec. Doc. 15 at 1-2); (Rec. Doc. 1-1 at 5-10).  However, Petitioner does not demonstrate any external impediment that prevented him from pursuing this claim at trial or on direct appeal.  *See* (Rec. Doc. 15 at 1-3).  This claim was available for Petitioner to pursue at trial and he failed to do so.  (Rec. Doc. 14 at 6-7).  Therefore, because Petitioner failed to show cause

for his procedural default, this court does not need to inquire whether Petitioner was prejudiced by the refusal to consider his claims.  *See Hogue*, 131 F.3d at 497.

Further, Petitioner did not meet the burden to prove that a fundamental miscarriage of justice would occur if this court failed to consider his claim.  (*See* Rec. Doc. 15 at 1-7).  With regard to Waguespack's expertise, Petitioner does not assert any claim that would prove his actual innocence, nonetheless establish a fair probability of actual innocence, and is therefore procedurally barred from pursuing this claim.  (Rec. Doc. 14 at 10).

**D. Petitioner's Claim for Ineffective Assistance of Counsel for Counsel's Failure to Object to Stierwald and Simon's Expertise is Procedurally Barred from Being Reviewed by This Court**

In his objection, Petitioner next claims that he received ineffective assistance of counsel because his attorney stipulated to the expertise of Stierwald and Simon, crime scene technicians, as latent print experts and failed to have them testify in court as to their qualifications in the field.  (Rec. Doc. 15 at 3). This claim is not properly before the court because Petitioner is procedurally barred from raising it in his objections because he has not previously raised the claim.

When a court is presented with a "mixed petition[4]," it must first determine whether the claims asserted by the petitioner were exhausted through state court proceedings. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975).   Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted state remedies available in the courts of the State . . . if he has the right under the law of the State to raise . . . the question presented."   28 U.S.C. § 2254(c).   The Supreme Court has repeatedly held that exhaustion of all available claims is required in state court before a petitioner can seek relief in federal court.   *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Pitchess*, 421 U.S. at 487 ("[E]xhaustion of state remedies is required as a prerequisite to consideration of *each* claim sought to be presented in federal habeas.") (emphasis added).   In order for a Petitioner to comply with the exhaustion requirement, he must prove that all of the claims have been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). This requirement is satisfied if the petitioner has not only been

---

[4] A mixed petition is a petition for habeas corpus where the petitioner has exhausted some, but not all, claims through the proper state court proceedings. *Rhines v. Weber*, 544 U.S. 269, 271 (2005).   This present case is a mixed petition because Petitioner exhausted his claim objecting to Waguespack's expertise through the proper state court proceedings and that claim was denied. Petitioner's last three claims, however, are claims that he is asserting for the first time in his objection and have not been adjudicated through the appropriate state court proceedings.

through the appropriate state court, but has given the state courts the first opportunity to hear the claim. *Id.* at 275-76.

The Fifth Circuit, applying the Supreme Court's rule in *Picard*, has held that a petitioner who presents the same claim with different factual allegations is barred from raising that claim. *Burns v. Estelle*, 695 F.2d 847, 850 (5th Cir. 1983). In *Burns*, the Fifth Circuit rejected a petitioner's request for habeas corpus when he asserted ineffective assistance of counsel in his petition for habeas corpus that had a different factual basis than the same claim he made in state court. *Id.* at 848-49. Because both of his claims for ineffective assistance of counsel were significantly different factually, the court barred them from being adjudicated by the federal courts because petitioner failed to present those claims to the state courts. *Id.* at 850; *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981) ("[S]tate court remedies [are not] considered exhausted even though prior state court proceedings technically asserted the same constitutional deficiency . . . where entirely new factual claims are made in support of the writ before the federal court.").

In the present case, Petitioner is also barred from pursuing the ineffective assistance of counsel claim before this court. Like the petitioner in *Burns*, in his objection Petitioner asserts a claim for ineffective assistance of counsel with a completely different factual basis from his previous petitions. *Id.* at 850;

(Rec. Doc. 15 at 3-5).  In his previous petitions in state and federal courts, Petitioner pursued a claim that his counsel erred in stipulating to Waguespack's expertise and failing to call him as a witness.[5]  (Rec. Doc. 1-1 at 10-15); (Rec. Doc. 14 at 11-13).  However, in his objection, Petitioner asserts a claim that his counsel was ineffective by stipulating to the expertise of Stierwald and Simon as latent print experts, a claim he is raising for the first time.  (Rec. Doc. 15 at 3).  As the Fifth Circuit ruled in *Hart,* that a Petitioner cannot assert the same constitutional deficiency under different facts, Petitioner in this case is barred from claiming he received ineffective assistance of counsel because his counsel stipulated to Stierwald's and Simon's expertise because Petitioner has yet to present these claims to the appropriate state courts.  *Hart*, 634 F.2d at 989; (Rec. Doc. 15 at 3-5).

**E. Petitioner is Procedurally Barred from Pursuing His Final Two Claims: (1) that the trial court erred in certifying Stierwald and Simon as latent print experts; and (2) that the trial court erred in denying Petitioner's motion for a new trial because a witness for the State changed his testimony several times.**

Petitioner is also procedurally barred from raising the following claims: (1) that the trial court erred in certifying Stierwald and Simon a latent print experts without having them testify, and this action of the trial court violated his right to

---

[5] The Louisiana state courts and the Magistrate Judge all found this claim was meritless.  (Rec. Doc. 14 at 11-13).

16

confront witnesses against him. (Rec. Doc. 15 at 2); and (2) that the trial court erred in denying Petitioner's motion for a new trial based on the fact that one of the State's witnesses changed his testimony several times. (Rec. Doc. 15 at 5-7). Applying the same analysis as the previous claim, Petitioner has not properly presented these claims to Louisiana state courts and these claims are not properly before this court.

As stated earlier, § 2254(c) requires that an applicant for habeas corpus is not deemed to have exhausted remedies available in state court if he has the right under the laws of the state to raise the question presented. 28 U.S.C. § 2254(c). The Supreme Court has held that exhaustion of state remedies of each claim is required before a petitioner can seek relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rose*, 455 U.S. at 518; *Pitchess*, 421 U.S. at 487. A claim is considered exhausted if it has been fairly presented to a state court, requiring that the state court had the first opportunity to hear the claim. *Picard*, 404 U.S. at 275-76.

In this present case, Petitioner has not presented his claims for habeas corpus relief through the proper state proceedings. Petitioner is raising these claims for the first time in his objection to the Magistrate Judge's Report and Recommendation and is therefore procedurally barred from pursuing

17

these claims with this court.  *O'Sullivan*, 526 at 854; (Rec. Doc.

15 at 2, 5-7).

New Orleans, Louisiana, this 23rd day of May, 2012.

_____

UNITED STATES DISTRICT JUDGE